IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| FIRST BAPTIST CHURCH OF TEXAS CITY AT MLK § § § | |
| Plaintiff § § | |
| v. § | CIVIL ACTION NO. G-10-111 |
| § § | |
| ROBERT KNOWLES, ARKS FUNDING LLC, NOAH CONSTRUCTION, INC., FIRST SOURCE ELECTRICAL, LLC, MESCO BUILDING SOLUTIONS - DIVISION OF NCI GROUP, INC., MELVIN GILL, JOHN FERGUSON, RALPH LONG, and BIG BEAR ELECTRICAL SERVICES, INC., d/b/a OZ ELECTRICAL SERVICES, and MCM COMMERCIAL CONCRETE, INC. § § § § § § § § § § § § § § | |
| Defendants. § | |

## **REPORT AND RECOMMENDATION**

Before the Court, by referral from the Honorable Kenneth M. Hoyt, United States District Court Judge, is Plaintiff First Baptist Church of Texas City at MLK's Motion to Remand (Docket Entry ("Dkt.") No. 12), to which Defendant Arks Funding LLC's filed a Response. (Dkt. No. 17). Also before the Court are the separately filed Motions to Dismiss of Defendants Ark Funding, Robert Knowles and Ralph Long (Dkt. Nos. 4, 5 & 6, respectively), to which First Baptist Church filed its respective responses (Dkt. Nos. 13, 14, & 15), and then Defendants filed

1

their respective replies. (Dkt. Nos. 16, 17 & 18). After careful consideration of the Motions, the responses and replies, and the applicable law, the Court now submits this Report and Recommendation to the District Court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 3, 2010, Plaintiff First Baptist Church of Texas City at MLK ("FBC") brought suit in the 212th Judicial District Court of Galveston County, Texas, against Defendants Robert Knowles, Arks Funding, LLC ("Arks"), Noah Construction, Inc. ("Noah"), First Source Electrical, LLC ("First Source"), Mesco Building Solutions - Division of NCI Group, Inc. ("Mesco"), Melvin Gill, John Ferguson, Ralph Long, Big Bear Electrical Services, Inc d/b/a Oz Electrical Services ("Big Bear"), and MCM Commercial Concrete, Inc. ("MCM"). In its Complaint, FBC alleged the following:

> [Defendant] Arks, through the individual defendants, and operating through Noah Construction and BTM Funding, fraudulently induced First Baptist Church into entering into a turn-key arrangement whereby they would provide First Baptist Church with the construction services of new church facilities, and the funding for it. Arks' used its construction arm, Defendant Noah Construction, to contract with the non-diverse Defendants for the promised construction. Arks, through the individual defendants and its operating companies converted construction funds, including trust funds they held for the benefit of the church's construction project, and failed to carry through with their representations to, and contractual arrangements with First Baptist Church. They failed to pay subcontractors and material suppliers. The subcontractors and suppliers filed mechanics' and materialmen's lien claims against First Baptist Church's property.

(Dkt. No. 12 at 5, ¶ 11 (footnotes omitted)). FBC alleged state law claims against Defendants that include violations of the Texas Deceptive Trade Practices Act, common law fraud, fraud by nondisclosure, statutory fraud under § 27.01 of the Texas Business and Commerce Code,

conversion, breach of fiduciary duty, negligent misrepresentation, negligence, breach of contract, and civil conspiracy.

On March 10, 2010, Defendant Big Bear filed counterclaims against Plaintiff FBC and cross-claims against Defendants Knowles and Noah.

Thereafter, Defendant Arks, who was served with citation on February 25, 2010, through the Secretary of State (Dkt. No. 1 at 2, ¶ 5), filed a Notice of Removal on March 24, 2010. (Dkt. No. 1). Defendants Robert Knowles and Ralph Long consented to the removal. (Dkt. No. 1 (*see* attached signed consents). In its Notice of Removal, Arks alleges that Plaintiff FBC improperly joined non-diverse Defendants First Source, Mesco, Big Bear and MCM (hereinafter "the non-diverse Defendants") for the purpose of defeating diversity jurisdiction and that, absent these non-diverse parties, there is complete diversity between the "proper" parties. (Dkt. No. 1 at 2-3, ¶¶ 7-8). In addition, Defendant Arks maintains that removal is proper under 28 U.S.C. § 1441(c) because Plaintiff FBC's claims against the non-diverse Defendants and the counter and cross-claims of Big Bear are separate and independent claims from FBC's claims against Defendants Arks, Knowles, Noah, Gill, Ferguson, and Long. (Dkt. No. 1 at 4, ¶ 9).

On April 21, 2010, FBC filed a Motion to Remand the action to state court. (Dkt. No. 12). Defendant Arks filed a Response to FBC's Motion to Remand. (Dkt. No. 17). The Motion to Remand is now ripe for adjudication.

## II.  MOTION TO REMAND

Federal courts are courts of limited jurisdiction. *Ziegler v. Champion Mortg. Co.*, 913 F.2d 228, 229 (5th Cir. 1990). Removal statutes must, therefore, be strictly construed. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("[a]ny

ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.").

There are three possible grounds for federal jurisdiction: a federal question, complete preemption or diversity jurisdiction. *See Rogers v. American Airlines, Inc.*, 192 F.Supp.2d 661, 664 (N.D. Tex. 2001). The removing party has the burden to establish federal jurisdiction exists. *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989). This case does not involve a federal question or an issue of complete preemption, but instead, the removing party maintains that federal jurisdiction is proper based on diversity.

Diversity jurisdiction in civil cases requires that there be more than $75,000 in controversy and that complete diversity exists between the parties. 28 U.S.C. § 1332(a). In the present case, there is no dispute that the amount in controversy exceeds $75,000. There is, of course, a dispute over whether complete diversity exists between the parties. Based on the face of the Complaint, complete diversity is lacking because Plaintiff FBC and Defendants First Source, Mesco and Big Bear are all Texas residents or entities. Nonetheless, Defendant Arks contends that between the "proper" parties (*e.g.*, Arks, Noah, Knowles, Long, Gill, and Ferguson) complete diversity exists. In supporting its argument, Arks relies on the fraudulent joinder exception to the requirement of complete diversity. *Smallwood v. Illinois Central R. Co.*, 352 F.2d 220, 222 (5th Cir. 2003). In other words, Arks maintains that the non-diverse Defendants were fraudulently joined by FBC to destroy diversity because there is no possibility that FBC can establish a cause of action against these Defendants.

It is, of course, true that a well recognized exception to the requirement of complete diversity exists when a nondiverse defendant has been fraudulently joined for purposes of defeating

diversity jurisdiction.  *Smallwood*, 352 F.2d at 222.  The party seeking removal bears a heavy burden of establishing a fraudulent or improper joinder for purposes of removal.  *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000).  A removing party can establish a fraudulent or misjoinder in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

In this case, Arks does not base its contentions on actual fraud, but instead contends that FBC has not and cannot establish a cause of action against the non-diverse Defendants in state court.  When considering a claim of improper joinder, a court should not focus on who will ultimately prevail in the action.  Instead, a court should consider "whether the [removing] defendant has demonstrated that there is no possibility of recovery by the plaintiff against an instate defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004).

This Court concludes that Arks, as the removing party, has not met the heavy burden of showing that diversity of jurisdiction exists because it has not shown that there was an improper joinder of the non-diverse Defendants.  In its Complaint, FBC maintains the liens were filed after Arks, Noah, Knowles, Gill, Ferguson and Long, who employed these subcontractors and were responsible for paying them for the materials and services they provided for the church construction project, failed to pay them.  Because these subcontractors or non-diverse Defendants were not paid, they filed mechanics' and materialmen's liens on FBC's property.  Plaintiff FBC joined First Source, Mesco and Big Bear as Defendants in this action to have these liens, which

resulted due to Arks' and the other Defendants' actions, removed from its property. Thus, based on the facts, in the opinion of this Court, the relief requested by FBC cannot simply be granted without First Source, Mesco and Big Bear being parties to this case. *Cf. McDowell Welding & Pipefitting, Inc. v. United States Gypsum Co.*, 285 B.R. 460 (D. Oregon 2002) (where defendant removed action, in part, based on diversity of citizenship, court held that municipal corporation to whom debtor had transferred three utility corridors was a proper defendant in mechanic's lien foreclosure action and, hence was not fraudulently joined by plaintiff); *Citizens' & Southern Bank of South Carolina v. Pine Forest Inn Co.*, 31 F.2d 301 (E.D. S.C. 1929) (court remanded case to state court because defendant who installed fire protection system had interest in property and the controversy between this defendant and plaintiff was not separate controversy from the main controversy between plaintiff and the lienholder for purposes of foreclosing on the property); *Payne v. Bank of America, N.A.*, 2010 WL 546770 (W.D. Va. 2010) (holding that removal by mortgage company based on diversity was improper because the trustee, who conducted the foreclosure sale of plaintiff's property, and HUD, who bought the property at the sale, were properly joined by plaintiff as parties to suit); *Blues Alley Estates Limited Partnership v. Berry*, 2008 WL 4280358 (N.D. Miss. 2008) (holding that defendant who removed case from state court had not met its burden in defeating plaintiff's motion to remand based on claim that resident defendants who had construction and surveyor's liens on plaintiff's property were improperly joined). As a result, the citizenship of First Source, Mesco and Big Bear–all Texas entities–must be considered by the Court in determining whether this case was properly removed on the basis of diversity. Moreover, in making this determination, the Court is mindful that any doubts regarding the propriety of removal must be resolved in favor of remanding the case to state court.

*Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, because complete diversity is lacking between FBC and Defendants First Source, Mesco, and Big Bear, this Court finds that it lacks subject matter jurisdiction in this case and, therefore, concludes that it was improperly removed from state court based on diversity jurisdiction.

Defendant Arks also removed this action to federal court based on 28 U.S.C. § 1441(c).  While it is true that § 1441(c) previously allowed removal based on a separate and independent diversity claim, this is no longer the law and was not the law when the present action was removed to federal court.  As amended, § 1441(c) reads:

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes or action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).[1]  A review of the pleadings in this case clearly reflects that this case does not involve a federal question.  Accordingly, based on the absence of federal question jurisdiction, supplemental jurisdiction is not available and removal based on 28 U.S.C. § 1141(c) was also not proper.

## CONCLUSION

For all the reasons discussed herein, the Court **RECOMMENDS** that Plaintiff FBC's Motion to Remand (Dkt. No. 12) be **GRANTED**; and that this action be **REMANDED** to the **212th Judicial District Court of Galveston County, Texas**.

---

[1] According to the statute's revision notes, with the changes, "all the provisions with reference to removal of controversies between citizens of different States because of inability, from prejudice or local influence, to obtain justice, have been discarded."  28 U.S.C. § 1141(c) (*see* revision notes).

It is the further **RECOMMENDATION** of this Court that Defendants' Motions to Dismiss (Dkt. Nos. 6, 7 & 8) be **DENIED on the basis that the Court lacks subject matter jurisdiction**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **June 30, 2010,** to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections **SHALL** be electronically filed or mailed to the Clerk's Office at P.O. Box 2300, Galveston, Texas 77553. Failure to file written objections within the prescribed time **SHALL** bar the Parties from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____14th____ day of June, 2010.

_____
John R. Froeschner
United States Magistrate Judge