UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FIRST BAPTIST CHURCH OF TEXAS CITY AT MLK, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. G-10-111 |
| ROBERT KNOWLES, *et al*, | § § § | |
| Defendants. | § | |

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation from the Magistrate Judge in which he recommends that this action be remanded to state court. Arks, the removing party has filed objections to the Report and Recommendation on the basis that the Magistrate Judge failed to evaluate whether the non-diverse parties are improperly joined. (Docket Entry ("Dkt.") No. 21). Plaintiff First Baptist Church filed a response to the objections on July 19, 2010. (Dkt. No. 22). Based on its *de novo* review of this matter, this Court, while agreeing with the ultimate conclusion of the Magistrate Judge in the Report and Recommendations, will expound on it in light of the objections that have been filed.

Federal courts are courts of limited jurisdiction. *Ziegler v. Champion Mortg. Co.*, 913 F.2d 228, 229 (5th Cir. 1990). Thus, a party may remove an action from state court to federal court only if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). Consequently, a federal court "must presume that a suit lies outside of its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *see*

*also*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Further, in evaluating the propriety of removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723.

The removing party has the burden to establish federal jurisdiction exists. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989). There are three possible grounds for federal jurisdiction: a federal question, complete preemption or diversity of citizenship. *See Rogers v. American Airlines, Inc.*, 192 F.Supp.2d 661, 664 (N.D. Tex. 2001). Where the alleged basis for federal jurisdiction is diversity, a party may remove a case only if there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Hence, an action is not removable if any proper defendant is a citizen of the state in which the action is brought. 28 U.S.C. §1441(b); *see also*, *Coury v. Prot*, 85 F.3d 244, 252 (5th Cir. 1996) (recognizing that removal is improper if any defendant is a citizen of the state in which the action is filed); *Williams v. AC Spark Plugs Div. of General Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993) (same).

Here, First Baptist Church filed the case in Texas. There is no dispute that Plaintiff First Baptist is a Texas entity, that Defendants Ark Funding, Knowles, and Long are entities or citizen of North Carolina, and that Defendants First Source Electrical, Mesco Building Solutions, Division of N.I.C. Group, Inc., Big Bear Electrical Services, Inc. d/b/a Oz Electrical Services, and MCM Commercial Concrete are all Texas entities. Thus, complete diversity is lacking and, as such, Defendant Arks cannot remove the case to federal court.

Notwithstanding, Arks contends that removal was proper because First Baptist Church improperly named the non-diverse parties when filing suit merely to defeat diversity jurisdiction.

A well recognized exception to the requirement of complete diversity exists when a non-diverse defendant has been fraudulently joined for purposes of defeating diversity jurisdiction. *Smallwood v. Illinois Central R. Co.*, 352 F.2d 220, 222 (5th Cir. 2003). Although the party seeking removal bears a heavy burden of establishing a fraudulent or improper joinder for purposes of removal, *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000), a removing party can establish a fraudulent or misjoinder in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

Arks does not contend that the misjoinder is based on actual fraud; rather it contends that First Baptist Church cannot establish a cause of action to remove the lien, and the cloud of title that accompanies it, against the non-diverse parties in state court. (Dkt. No. 17). Thus, Arks effectively argues that as a result of this improper joinder, the Texas citizenship of the non-diverse parties should be disregarded for purposes of determining whether this case can be properly removed.

The Court resolves this matter by conducting an analysis under a rule similar to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus. Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981). The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [its state law] claim, but look[s] only for a possibility that the plaintiff might do so." *Guillory*, 434 F.3d at 308-09; *see also*, *Dodson v. Spilliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992). Generally, if the plaintiff can survive the Rule 12(b)(6) type challenge, there is no improper

joinder. *See Smallwood*, 385 F.3d at 573; *see also*, *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (recognizing that, in determining improper joinder, a court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether there is a basis for the plaintiff's claim). In other words, if First Baptist Church could conceivably recover damages or maintain an action against the in-state Defendants, the non-diverse parties are not improperly joined and the case must be remanded to state court. *Id*.

In this case, First Baptist Church adequately pleads claims against the non-diverse Defendants for removal of the liens and claims to quiet title under Texas law. *See generally* TEX. PROP. CODE §§ 53.160, *et seq.* Based on the allegations, First Baptist Church paid and/or financed the construction of the building through Defendant Arks, the funds were then paid to the general contractor who worked with Arks and who hired the subcontractors, the general contractor wrongfully appropriated the building funds and did not pay the subcontractors, and the failure of the general contractor to properly pay the subcontractors resulted in liens being filed by the subcontractors against First Baptist Church's property. First Baptist Church alleges that, as a result of the removing Defendants fraudulent acts and omissions, the subcontractors it hired were not paid which resulted in the liens. First Baptist Church's contentions, that the removing parties' fraud vitiated the contract and all that arose from it, finds support in Texas law. *See Stoneciper's Estate v. Butts' Estate*, 591 S.W.2d 806, 809 (Tex. 1980) (citing *Morris v. House*, 32 Tex. 492 (1870)); *Libhart v. Copeland*, 949 S.W.2d 783, 794; 802-03 (Tex.App.–Waco 1997, no pet.). Moreover, based on First Baptist Church's factual pleadings, there appears to be an arguable basis to seek removal of the liens. *See* TEX. PROP. CODE §§ 53.160. Therefore, taking its allegations as true, the non-diverse Defendants were not improperly joined in this action because First Baptist Church could conceivably prevail on its claim against them in state court.

Based on its *de novo* review of this matter, as well as its review of Arks Funding's objections to the Report and Recommendation and First Baptist Church's response to the objections, the Court concludes that Arks Funding's objections are without merit. Therefore, while expounding on the rationale in this Order, the Court hereby **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation.

Accordingly, Plaintiff First Baptist Church's Motion to Remand (Dkt. No. 12) is **GRANTED** and this action is **REMANDED** to the **212th Judicial District Court of Galveston County, Texas, for lack of subject matter jurisdiction**.

The Court further **ORDERS** that Defendants' Motions to Dismiss (Dkt. Nos. 6, 7 & 8) are **DENIED for lack of subject matter jurisdiction**.

SIGNED at Houston, Texas this 27th day of July, 2010.

_____
Kenneth M. Hoyt
United States District Judge